# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:06CR43-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ROBERT BLAKE KELLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a motion filed by the defendant entitled, "Motion to Revisit the Order of Detention Pending Trial and Additional Relief" which had been filed by the defendant's counsel and it appearing to the court at the call of this matter on for hearing that the defendant was present with counsel and that the Government was represented through Don Gast, Assistant United States Attorney and from the evidence offered by the Government and the evidence offered by the defendant and the arguments of counsel for the defendant and counsel for the Government and the records in this cause, the undersigned makes the following findings.

**Findings**: In an indictment issued on June 5, 2006 the defendant was charged with conspiracy to manufacture and possess with intent to distribute more than 500 grams of methamphetamine. The undersigned entered an order detaining the defendant but allowed the release of the defendant to his father for the purpose of his father taking the defendant to a place that could provide appropriate inpatient treatment for the defendant. In the order it was stated that the defendant was to report to the Hope Valley treatment center in Dobson,

North Carolina and complete said treatment program and that the defendant was then to report back to court upon completion of the program or if discharged for any reason, the defendant was to report to court immediately. The defendant was released to the custody of his father for treatment but was then released by the Hope Valley treatment center in Dobson, North Carolina on July 1, 2006 because the defendant allegedly fell down some stairs. Thereafter, after hearing, the undersigned entered an order detaining the defendant, that order having been filed on July 25, 2006. In the order the undersigned set forth the fact that the defendant had, on July 1, 2006, been seen at the residence of a person where there were people using methamphetamine and dividing methamphetamine into packages for sale and that on July 2, 2006 the defendant was seen at a garage owned by his father which is a place where there had been an investigation regarding the use of methamphetamine. In the Order of Detention, the court allowed the defendant further time to present any evidence that he was not at the residence described above and to further present evidence that would support the contention that he had suffered in injury in the fall and that he had received medical treatment for the injury. The undersigned incorporates, by reference, all findings as set forth in the Order of Detention filed on July 25, 2006.

At the hearing in this matter, the defendant's counsel presented as Exhibit "1" a letter from Dr. Roger R. Hill, MD of Table Rock Family Medicine. In the letter, Dr. Hill stated that the defendant had been seen in Dr. Hill's office on July 3, 2006 which would have been on Monday. The defendant was seen as a result of a fall. Dr. Hill noticed that the defendant

had an abrasion of his right arm, swelling and discomfort of his right ankle and injuries to his hips. X-rays were performed upon the defendant which were all normal. The defendant further presented a letter from Hope Valley, Inc. which was marked as Exhibit "2". In the letter, Phillip S. Carter, Licensed Clinical Addiction Specialist, stated that the defendant had completed the inpatient program of treatment at Hope Valley, Inc. Evidence was further presented by the defendant through the testimony from the defendant's sister, Christy Draf. In her testimony, the defendant's sister testified that she would be happy to have the defendant come live with her and that she would act as a custodian for the defendant.

In rebuttal, the Government introduced into evidence affidavits of Chris Chambliss, a special agent with the North Carolina State Bureau of Investigation, which had been executed before the undersigned on the 8th of August 2006. In the affidavit, Agent Chambliss set forth repeated instances of the defendant's involvement in multiple and repeated sells of methamphetamine which had occurred at the home and residence of the defendant at his mother and father's home and also evidence of such transactions at a garage building owned by the defendant identified as Keller Motor Company located in Glen Alpine, North Carolina. Evidence was further presented through Martin Lawing, Detective of the Burke County Sheriff's Department. Det. Lawing testified that during the period of detention that the defendant had requested that his sister assist him in setting up a three-way telephone call whereby the defendant could contact one of his co-defendants in this matter and other co-defendants in regard to a state prosecution. Evidence was further presented that

in one of the charges that are pending in state court, that the defendant had attempted to elude

law enforcement officers by use of a motor vehicle which resulted in a chase of the defendant

by law enforcement officers on Interstate 40 in McDowell County, North Carolina.

**Discussion**. The undersigned has reconsidered the factors as set forth under 18 U.S.C.

3142(g). The undersigned finds the following:

(g)(1): The nature and circumstances of the offense charged involve multiple sales of the narcotic drug methamphetamine by the defendant. The affidavits of Agent Chambliss showed that the defendant was involved in repeated sales of this narcotic drug despite the fact that he was under investigation by law enforcement.

(g)(2): The weight of the evidence against the defendant is strong, significant, compelling and shocks the conscious of this court.

(g)(3): The undersigned incorporates the history and characteristics of the person as is set forth in the findings of July 25, 2006.

(g)(4): The nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release indicates that there is a present danger to any other person or the community that would be posed by the defendant's release.

The undersigned has considered the evidence presented by the defendant. The defendant has

not presented any evidence to support a contention that he was not at the residence at which

he had been seen on July 1, 2006. The undersigned has also considered the fact that the

defendant has presented evidence of medical treatment. However, countervailing this

evidence is the fact that the defendant was seen walking across the parking lot of his garage

on Sunday, July 2, 2006 which would have been the date prior to his treatment for ankle

injuries by his physician. The undersigned has further considered the evidence as contained

in the affidavits of Agent Chambliss which show repeated sales of methamphetamine by the

4

defendant and which show that the defendant was actively involved in the sale of this drug in Burke County for several years. The undersigned also is greatly troubled by the evidence that the defendant has been attempting to contact co-defendants despite previous admonitions by this court that he should not have any contact whatsoever with his co-defendants.

After weighing all of the factors as set forth above, the undersigned has determined to enter an **ORDER** detaining the defendant pending further proceedings in this matter.

Signed: August 23, 2006

Dennis L. Howell
United States Magistrate Judge