# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION

## DOCKET NO. 1:06CR43

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | PRELIMINARY ORDER |
| v. ) | OF FORFEITURE |
| ) | |
| ROBERT BLAKE KELLER ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendants pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate such crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Count One in the Bill of Indictment; and was adjudged guilty of the offense charged in that count. In the plea agreement, defendant has agreed to forfeit specific property as described below.

Based upon the Bill of Indictment and the defendant's plea of guilty, the Court FINDS that the United States has established the requisite nexus between the property and the offense and that the property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1) & (b)(2).

1

It is therefore ORDERED:

1. The United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853 (n):

**Real Property Located at 504 West Main Street, Glen Alpine, North Carolina, 28602, as More Particularly Described in a Deed Recorded at Book 647, Page 891, in the Burke County, North Carolina, Public Registry**.

2. Pursuant to 21 U.S.C. §853(n)(1) and standing Order of the Court 3:05MC302, the government shall publish notice of this order once in a newspaper of general circulation; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: October 27, 2006

Dennis L. Howell
United States Magistrate Judge