# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

CIVIL NO. 1:08CV294-T-02
(1:06CR43-01-T)

| | |
|---|---|
| ROBERT B. KELLER,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM AND<br>   O R D E R** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed July 2, 2008. No response is necessary from the Government.

## I. PROCEDURAL HISTORY

Petitioner and four co-Defendants were charged with conspiring to manufacture and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (also known as "ice"), all in violation of 21

U.S.C. §§ 841 and 846.  **Bill of Indictment, filed June 5, 2006**. Subsequent to his arraignment, Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the conspiracy charge in the indictment.  **Plea Agreement, filed September 6, 2006**.  By the terms of that agreement, Petitioner stipulated that the amount of methamphetamine mixture that was known or reasonably foreseeable to him was at least 500 grams but less than 1.5 kilograms.  *Id.* **at 2**.  The plea agreement also advised the Petitioner that he faced a mandatory minimum sentence of 10 years and a maximum term of life imprisonment.  *Id.* **at 1.** Petitioner's plea agreement also contained a waiver provision by which he forfeited his right to contest his conviction or sentence by way of appeal or post-conviction proceeding, except on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct.  *Id.* **at 5**.

Soon after filing his plea agreement, Petitioner retained a new attorney and his previously retained attorney was allowed to withdraw.  **See Notice of Appearance, filed September 13, 2006 (Jack W. Stewart); Motion to Withdraw, filed September 14, 2006 (C. Gary Triggs); Order, filed September 15, 2006 (allowing Triggs' motion to withdraw).**  The

plea agreement was re-filed to include new counsel's signature. **Plea Agreement, filed September 15, 2006, at 11.**

On September 15, 2006, Petitioner appeared with replacement counsel before the Magistrate Judge and formally entered his guilty plea. During that proceeding, the Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 15, 2006**. The Magistrate Judge asked Petitioner, *inter alia*, if he had discussed his right to appeal and if he understood that by signing the plea agreement and entering the guilty plea he waived his rights to directly appeal his conviction or sentence, or to collaterally challenge those matters in a post-conviction proceeding. *Id*. **at 8.** Petitioner stated, under oath, that he understood the consequences of those waivers. *Id*. In response to additional questioning by the Magistrate Judge, Petitioner stated that he was entering his guilty plea because he was, in fact, guilty of the conspiracy charge and that he was satisfied with his attorney's services. *Id*. **at 7-8**. Based upon these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made, that he understood the

charges, penalties and consequences of that plea, and accepted his guilty plea. *Id*. at 9.

On June 25, 2007, the Court held a sentencing hearing during which the parties stipulated that the presentence report provided a factual basis to support Petitioner's guilty plea. **Transcript of Sentencing Hearing, filed January 2, 2008, at 2**. The Court inquired of counsel regarding objections to "the two-level enhancement for possession of the gun" recommended by the presentence report. *Id.* at 4; *see also*, **Presentence Investigation Report, revised May 21, 2007, at 17.** Counsel advised the Court that it was not his "intention to file these objections to otherwise affect the calculations of the guidelines. Both objections had to do with the location of weapons that were seized at or about the time of [Petitioner's] arrest." *Id*. In other words, counsel's objections were not directed to the enhancement, but only to the location of two of the weapons seized. **Presentence Report,** *supra***;** *see also***, Transcript, at 4-5***.* The Court inquired specifically if counsel wished to be heard regarding the two-level enhancement. Petitioner's counsel advised, "No, sir. No, sir. We do not." *Id***. at 5.** The Court adopted the calculations set forth in the presentence report, namely that Petitioner's total offense level was 31, his criminal

history category was I, and his corresponding range of imprisonment was 108 to 135 months. ***Id.* at 6; Presentence Report, at 14**. After hearing from the parties regarding punishment, the Court sentenced Petitioner to the 120-month statutory mandatory minimum term of imprisonment. **Judgment in a Criminal Case, filed July 3, 2007**. Petitioner did not file a notice of appeal.

On July 2, 2008, Petitioner timely filed his § 2255 motion raising two claims, one of which is that his attorney was ineffective for having failed to honor Petitioner's request to file an appeal and/or to discuss Petitioner's appellate options with him. **Petitioner's Motion, at 5.**

## II. DISCUSSION

The law is well settled that an attorney's failure to file an appeal when requested by his client to do so is *per se* ineffective assistance of counsel, irrespective of the merits of the appeal. ***United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993);** see also ***Evitts v. Lucey,* 469 U.S. 387, 391-405 (1985) (same).** Indeed, the Fourth Circuit agreed with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely

notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial[.]" **Poindexter, supra, at 267.** That Court also held that counsel's conduct would be prejudicial under such circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. *Id.* **at 273.** In cases such as this one, a petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," but that is a statutory right which simply cannot be taken away. *Id*; **see also Rodriguez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).**

Moreover, the Supreme Court has observed that an attorney's failure to make "a reasonable effort to discover the defendant's wishes" can constitute ineffective assistance. **Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); see also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).**

Here, Petitioner has alleged that his right to a direct appeal and, therefore, the effective assistance of counsel, was violated by counsel's failure to honor his request for a direct appeal or to even discuss with

Petitioner his appellate options. More particularly, Petitioner states that immediately after he was sentenced, he advised counsel that he wanted an appeal; that counsel initially stated that there was nothing to appeal; that counsel then promised to discuss with Petitioner his appellate options; that counsel never discussed the appeal with him; and that counsel failed to respond to any of Petitioner's attempts to contact him. **Exhibit 2, Affidavit of Robert B. Keller,** *attached to* **Petitioner's Motion, ¶ 5**.

Even if the Court were to require the Government to file a response with an affidavit from Petitioner's former attorney denying this allegation, the relevant legal precedent makes it necessary for the Court to grant Petitioner's motion to vacate only as to that limited issue, thereby allowing him to proceed with a direct appeal. The prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, enter an amended judgment which reimposes the same sentence, and file a notice of appeal on Petitioner's behalf. Petitioner's remaining claim, *i.e.*, his counsel was ineffective for having failed to challenge the firearm enhancement, will be dismissed

without prejudice.  *See **United States v. Killian,*** **2001 WL 1635590 (4th Cir. 2001) (noting that where district court grants motion to vacate under *Peak*, the court must defer ruling on petitioner's remaining claims)**.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is **ALLOWED IN PART** as reflected by the Judgment filed herewith.

Signed: July 10, 2008

Lacy H. Thornburg
United States District Judge