# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR43

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>ROBERT BLAKE KELLER )<br>)<br>And )<br>)<br>BILL KELLER and JOYCE KELLER, )<br>)<br>Petitioners. )<br>) | O R D E R |

**THIS MATTER** is before the Court on the Government's motion to dismiss a petition from a third party attempting to claim an interest in forfeited property. For the reasons stated below, the Court will treat the petition as a motion for relief under Federal Rule of Civil Procedure 60(b) and dismiss it for lack of standing.

## I. PROCEDURAL HISTORY

Based on events that took place between 2003 and 2006, Defendant Robert Blake Keller pled guilty to conspiring (with four co-defendants) to

manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 & 846.  **Amended Judgment in a Criminal Case, filed July 11, 2008, at 1.**  He received an active sentence of 120 months as well as a supervised release term of 5 years.  *Id.* **at 2-3.**  Included in his judgment was a provision incorporating by reference an earlier preliminary order of forfeiture.  *Id.* **at 5.**  That preliminary order provided for forfeiture of Defendant's auto garage, a location where he had been conducting drug trafficking activities.  **Motion to Dismiss Notice of Third Party Claim, filed September 24, 2008, at 3; Preliminary Order of Forfeiture, filed October 27, 2006, at 2.**

The preliminary order also directed any person wishing to claim a legal interest in Defendant's garage to file a petition with the Court within 30 days of the final publication of notice or receipt of actual notice, whichever was earlier.  **Preliminary Order of Forfeiture,** *supra***, at 2;** *see also* **21 U.S.C. § 853(n) (describing the required third-party notice in forfeiture proceedings).**  After waiting considerably longer than this 30 day time period without receiving any third party claims, the Government moved for a final order of forfeiture on the property.  **Motion for Final Order of Forfeiture, filed August 29, 2007, at 2.**  The Court granted this

motion and the final order of forfeiture was entered in September 2007, a few months after Defendant received his sentence. **Final Order of Forfeiture, filed September 24, 2007; see also Fed. R. Crim. P. 32.2(c)(2) (governing entry of final orders of forfeiture).**

On September 10, 2008, almost a year after the entry of the final order of forfeiture, Defendant's parents, Bill and Joyce Keller ("Petitioners"), filed a *pro se* "Notice of Third-Party Claim to Preliminary Order of Forfeiture." **Notice of Third-Party Claim to Preliminary Order of Forfeiture, filed September 10, 2008.** This "notice" claimed that Petitioners had purchased the auto garage in 1983 for $13,500.00 and then sold it to Defendant around the same time, "prior to paying for the property." *Id.* at 2; *see also* **Exhibit 2, North Carolina General Warranty Deed, *attached to* Motion to Dismiss, *supra* (reflecting that Petitioners and some other co-owners conveyed the garage to Defendant in January 1984).** According to Petitioners, Joyce Keller "signed a note in the amount of $13,500.00 on behalf of [Defendant] . . . with 1st Union Bank in Morgantown (sic), North Carolina, to pay the original seller the agreed-to purchase price of $13,500.00." **Notice of Third-Party Claim, *supra*, at 2.** When Defendant failed to make any payments to the bank, Mrs. Keller

4

"paid these notes monthly until the note was satisfied." *Id.* Petitioners claim Defendant orally agreed to pay his parents back for the $13,500.00 but failed to do so. *Id.* Also, Petitioners allege they have paid all property taxes on the garage up to the current year. *Id.* Based on these assertions, Petitioners claim to have "an ownership and/or lien interest in said property." *Id.* Further, they claim that they could not have asserted this alleged interest prior to entry of the final order of forfeiture, because the Government failed to provide adequate notice of the preliminary order of forfeiture.[1]

The Government has moved to dismiss Petitioners' claim, contending that (1) the petition is untimely, and (2) even if the petition was timely, Petitioners have no legally cognizable interest in the garage. **Motion to Dismiss, *supra*, at 4.** Petitioners have replied in opposition. **Opposition to Motion to Dismiss, filed October 15, 2008.**

---

[1] In support of their allegation of inadequate notice, Petitioners claim they were entitled to receive personal notice from the Government. They also claim that the newspaper in which the Government chose to advertise the preliminary order does not serve the area in which the Petitioners reside and in which the garage is located. **Opposition to Motion to Dismiss, filed October 15, 2008, at 2.** Because of the disposition of this case, the Court need not reach the issue whether the Government provided adequate notice.

## II. ANALYSIS

Initially, the Court notes that the issues raised by Petitioners do not "undermine the whole order of forfeiture, but concern[ ] only whether that order should be amended to account for [their] interest." *United States v. Bouler*, 927 F. Supp. 911, 916 (W.D.N.C. 1996). In other words, "the merits of [their] claim are independent of the underlying action against [Defendant] from which the order of forfeiture arises." *Id.* Defendant's conviction is final, and the order of forfeiture is certainly binding as to him; the dispute raised by Petitioners is "more akin to one where a default judgement (sic) has been entered against a party for [his] failure to appear or otherwise respond and the defaulted party seeks relief from the default judgment." *Id.* Other courts, faced with similar circumstances, have elected to treat petitions for relief from criminal forfeiture orders as motions under Federal Rule of Civil Procedure 60(b). *Id.*; **United States v. Norton, 2003 WL 23532192 at *1 (W.D. Va. 2003) (treating Government's motion to re-open forfeiture proceedings as a Rule 60(b) motion)**, *aff'd per curiam*, **64 F. App'x 411 (4th Cir. 2003); see also 3 Charles Alan Wright** *et al.*, **Federal Practice and Procedure § 547 (3d ed. 2004) ("If adequate notice of the criminal forfeiture action was not provided to**

the third party, that party may file a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen the ancillary proceeding.").

Here, as in *Bouler* and *Norton*, the instant petition is cognizable as a Rule 60(b) claim, because it is essentially requesting relief from a final order.[2] Also like *Bouler*, Petitioners' standing to pursue a Rule 60(b) claim is "questionable." *Bouler*, 927 F. Supp. at 916. "[A] necessary prerequisite to pursuing claims to forfeited property is a threshold showing that the person owns the property." *Id.*; *see also United States v. Phillips*, 185 F.3d 183, 187 (4th Cir. 1999) (holding that a third party claimant in criminal forfeiture proceeding did not hold lawful title to forfeited property and therefore lacked standing to bring claim under 21 U.S.C. § 853(n)).

---

[2] Although Petitioners' initial pleading indicates they did not realize that the final order of forfeiture was filed, their opposition to the Government's motion to dismiss does seem to implicitly acknowledge the final order's existence, while still requesting relief therefrom. **Compare Notice of Third-Party Claim,** *supra,* **at 2 ("The Court has yet to enter a Final Order of Forfeiture, thus, the Petitioners' instant motion is timely.")** *with* **Opposition to Motion to Dismiss,** *supra,* **at 2 ("Petitioners . . . have not been formally notified of the United States's intent to seek a Final Order of Forfeiture[.]").**

In this case, Petitioners assert that they had "an oral agreement with their son Robert Blake Keller as to the loan to their son to purchase this property," and, therefore, they "have an ownership and/or lien interest in said property through the note executed at 1st Union Bank, and through the [oral] agreement entered with their son Blake." **Opposition to Motion to Dismiss,** *supra*, **at 2; Notice of Third-Party Claim,** *supra*, **at 2.** Petitioners contend that the oral agreement with their son which purportedly gave them an interest in the auto garage "is as binding as a written agreement." **Opposition to Motion to Dismiss,** *supra*, **at 2.**

Unfortunately for Petitioners, it is axiomatic that courts may not give effect to an oral contract purporting to convey an interest in land. In North Carolina, this ancient custom of law – traditionally known as the statute of frauds – is codified in the General Statutes, which provide: "All contracts to sell or convey any lands, . . . or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith[.]" **N.C. Gen. Stat. § 22-2.**

By their own admission, Petitioners' only "interest" in the auto garage arises as a result of an oral contract which they allege they made with

Defendant.  A recent title search and a current property deed both confirm that title to the garage is in Defendant's name only.  **Exhibit 1, Title Search,** *attached to* **Motion to Dismiss,** *supra*; **General Warranty Deed,** *supra*.  Without any written instruments of conveyance, Petitioners' generosity in co-signing[3] on their son's bank loan, paying off the loan for him, and paying the property taxes on the garage must be treated as gratuitous donations rather than as loans giving rise to some type of legal or equitable interest in the garage.

For these reasons, the Court concludes that Petitioners lack standing to pursue a claim for relief from the final order of forfeiture under Rule 60(b).

**IT IS, THEREFORE, ORDERED** that the Government's motion to dismiss Petitioners' "notice" is hereby **GRANTED**, and Petitioners' "Notice of Third-Party Claim to Preliminary Order of Forfeiture" is hereby **DISMISSED**.

---

[3] It is not entirely clear from Petitioners' pleadings whether they were the sole signatories on the bank loan or whether they co-signed with Defendant.  Either way, simply taking out a bank loan cannot serve to convey an interest in property.

Signed: November 10, 2008

Lacy H. Thornburg
United States District Judge