IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR43

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| ROBERT BLAKE KELLER | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for return of property pursuant to Fed. R. Crim. P. 41(g), filed May 18, 2009, and the Government's response thereto filed June 1, 2009.

The Defendant alleges that on four occasions during 2005, various state law enforcement officers executed search warrants and traffic stops during which a computer tower, contraband, camera equipment, and over $7,000 in U.S. currency was seized from him by the State of North Carolina. **Motion, at 1-2.** According to the Defendant, the state charges that resulted from these seizures were eventually dismissed. *Id*. Defendant also argues that real property, *i.e.*, his place of business located at 504 West Main Street, Glen Alpine, North Carolina, seized in this

criminal action is no longer needed by the Government since there is no appeal pending and the property is not "subject to civil forfeiture." *Id*. **at 2.** He asks the Court to order the Government to return the computer tower and currency to him and to enjoin the sale of the real property located in Glen Alpine. *Id*. **at 3.**

On June 5, 2006, the Defendant and four co-defendants were charged with conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed June 5, 2006.** Thereafter, the Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the indictment. *See* **Amended Plea Agreement, filed September 15, 2006, at 1**. The Defendant also stipulated in the Plea Agreement that he owned and agreed to forfeit to the United States the real property located at 504 West Main Street in Glen Alpine, North Carolina, along with all the assets of his automobile business known as Keller Motor Company, and his interest in real property located at 109 Keller Avenue in Morganton, North Carolina. *Id*. **at 2.** After Defendant formally entered his guilty plea on September 15, 2006, the Government moved for a preliminary order of forfeiture of these properties;

the motion was granted and an order entered on October 27, 2006.

**Preliminary Order of Forfeiture, filed October 27, 2006, at 2-3.** The Defendant was sentenced on June 25, 2007, to 120 month prison term. **Judgment in a Criminal Case, filed July 3, 2007.** On August 29, 2007, the Government moved for entry of a final order of forfeiture only as to the Glen Alpine, North Carolina, real property; the motion was granted September 24, 2007, and the final order entered. **Final Order of Forfeiture, filed September 24, 2007.** Defendant did not file a direct appeal.[1]

There is no evidence before the Court that the United States has ever had in its custody any currency or other personal property belonging to the Defendant, nor does the Defendant bring forth any evidence that the items and currency seized by state law enforcement officers were turned over to the federal government when the state charges were dismissed and this indictment pursued. In its response to Defendant's motion for the

---

[1] On July 2, 2008, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 alleging therein that his trial attorney was ineffective for failing to file a direct appeal on his behalf. The Court granted the Defendant's motion in part by vacating his sentence, reinstating the same sentence, and entering notice of appeal for the Defendant. **See Memorandum and Order and Judgment, filed July 10, 2008.** His appeal is presently pending before the Fourth Circuit.

return of this property, the Government requests 45 days to investigate the status of those assets, unless the Court determines to dismiss Defendant's motion outright.  **Government's Response, at 5.**  The Court finds that in order to bring this issue to finality, the Government should conduct an investigation to determine whether or not these personal items are in fact in its possession.

However, the record is clear that pursuant to the terms of his plea agreement, the Defendant agreed to forfeit his ownership in the real property he now asks the Court to enjoin from sale.  The Final Order of Forfeiture was filed almost two years ago; therefore, Defendant's objections to such forfeiture are not only untimely, but without merit. Accordingly, Defendant's motions for return of the real property and an injunction preventing the sale of the real property are denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for return of real property is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for an order enjoining the sale of the real property is **DENIED.**

**IT IS FURTHER ORDERED** that the Government file response within 45 days from the entry of this Order regarding the status of the remaining assets referenced herein.

Signed: June 12, 2009

Lacy H. Thornburg
United States District Judge