IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR43

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| ROBERT BLAKE KELLER | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for return of property pursuant to Fed. R. Crim. P. 41(g), filed May 18, 2009, and the Government's second response thereto filed July 22, 2009. Defendant has not replied to the Government's second response and the time for doing so has expired.

The Defendant alleges that on four occasions during 2005, various state law enforcement officers executed search warrants and traffic stops during which a computer tower, contraband, camera equipment, and over $7,000 in U.S. currency was seized from him by the State of North Carolina. **Motion, at 1-2.** According to the Defendant, the state charges that resulted from these seizures were eventually dismissed. *Id*.

Defendant also argues that real property, *i.e.*, his place of business located at 504 West Main Street, Glen Alpine, North Carolina, seized in this criminal action is no longer needed by the Government since there is no appeal pending and the property is not "subject to civil forfeiture." *Id*. at 2. The Court previously denied the Defendant's motion for the return of the real property as well as his motion for an order enjoining its sale. **See Order, filed June 12, 2009, at 4.**

In its second response, the Government states that it has no objection to the return of the computer tower which is currently in the custody of the Burke County Sheriff's Department. The Defendant may arrange for the release of such property by contacting that office directly. As to the amount of currency Defendant alleges was seized during his various arrests, the Government states that a total of $9,328.00 was actually seized from the Defendant. **Government's Second Response, at 2.** Of that amount, $4,240 was administratively forfeited by the Drug Enforcement Administration and the remaining $5,088 was paid toward the $16,940.28 drug tax assessed by the North Carolina Department of Revenue. *Id*. at 2; *see also* **Exhibits A and B,** *attached to* **Government's Second Response.** The Defendant has filed no response

or objection to these facts as outlined by the Government.  Therefore, the Court finds for the reasons stated in the Government's Second Response, the Defendant's motion for return of the seized currency should be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for return of property is **ALLOWED IN PART,** and the Defendant may contact the Burke County Sheriff's Department directly regarding the return of the computer tower referenced in his motion.

**IT IS FURTHER ORDERED** that the remaining portion of the Defendant's motion for return of property is **DENIED.**

Signed: August 11, 2009

Lacy H. Thornburg
United States District Judge